UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GEORGE E. MOORE, JR., and JACQUELINE MOORE,<br><br>　　　　　　　　　　　　Plaintiffs,<br>v.<br><br>PENOYER VALLEY ELECTRIC COMPANY, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No. 2:16-cv-01002-JAD-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Resp. to OSC – ECF No. 17) |

　　　Before the court is Plaintiffs' Response (ECF No. 17) to the court's Order to Show Cause (ECF No. 16). This Response is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

## BACKGROUND

　　　Plaintiffs George E. Moore, Jr. and Jacqueline Moore initiated this action on May 4, 2016, by filing a Complaint. (ECF No. 3). *See also* Am. Compl. (ECF No. 7), filed July 26, 2016. Plaintiffs' Amended Complaint states two claims for violation of Title VII of the Civil Rights Act and fraud, and it names as defendants Penoyer Valley Electric Company ("Penoyer Valley"), Lincoln County Power District ("Lincoln County Power"), Touch Stone Energy Cooperatives, Inc. ("Touch Stone"), Sharon Taylor, Paula Clayton, and Tia Wilson.

　　　In the two years since this case was filed, Plaintiffs have not taken action to prosecute this case, except to have summons issued for certain defendants. No summons was ever issued for Touch Stone. On December 8, 2016, the Clerk of the Court issued a Notice of Intent to Dismiss (ECF No. 8) pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[1] The Notice warned Plaintiffs the action would be dismissed as to any unserved party(ies) unless proof of service was

---

[1] Any reference to a "Rule" or the "Rules" in this order refer to the Federal Rules of Civil Procedure.

1

filed by January 6, 2017.  Summons for Lincoln County Power, Sharon Taylor, Paula Clayton, and Tia Wilson were returned executed December 16, 2016.  ECF Nos. 9,10, 11, 12.  Summons were not executed for Penoyer Valley because the "company has been dissolved as is no longer in operation."  ECF No. 13.  The case was dormant for another six months.  On May 12, 2017, summons were reissued to the same five defendants: Lincoln County Power, Penoyer Valley, Taylor, Clayton, and Wilson.  ECF Nos. 14, 15.

No answers or responsive pleadings have been filed by any defendant.  As a result, on January 8, 2018, the court entered an order requiring Plaintiffs to show cause as to why this case should not be dismissed for failure to prosecute pursuant to Rule 41 and LR 41-1 of the Local Rules of Civil Practice.  ECF No. 16.  Plaintiffs were advised that a failure to respond would result in a recommendation that this case be dismissed.  Plaintiffs filed a short Response (ECF No. 17) on February 8, 2018, supported by the declaration of counsel, David Lee Phillips.  Plaintiffs' counsel represents that this matter has been difficult to prosecute because the main defendant has dissolved and that an amended complaint was recently filed.  *Id*.  He avers that a "production of documents request has been sent out with this filing" and "Plaintiffs are ready to proceed upon the answering of the amended complaint."  *Id*.

## DISCUSSION

### I.   THE UNSERVED DEFENDANTS

Rule 4 governs service of process and requires strict compliance regarding the timing and manner of service.  Rule 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  District courts have broad discretion to extend time for service under Rule 4(m).  *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).  However, inadvertence and negligence do not constitute good cause for failure to serve summons and complaint within the time allowed in the Rules.  *Ruley v. Nelson*, 106 F.R.D. 514, 518 (D. Nev. 1985).  This is so because Rule 4(m) "is intended to force parties and their attorneys to be diligent in prosecuting

their causes of action." *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985); *see also United States ex rel. DeLoss v. Kenner General Contractors, Inc.*, 764 F.2d 707, 710 (9th Cir. 1985) (half-hearted efforts to effect service of process do not excuse failure to comply with Rule 4(m)).

Plaintiffs have failed to provide the court with proof of service for Penoyer Valley and Touch Stone, despite the Notice of Intent to Dismiss (ECF No. 8) issued December 8, 2016. Summons were not executed for Penoyer Valley because the "company has been dissolved as is no longer in operation." ECF No. 13. Thus, it appears Plaintiffs will be unable to serve Penoyer Valley. Moreover, the docket indicates that Plaintiffs did not even request issuance of summons for Touch Stone. The court therefore recommends that Penoyer Valley and Touch Stone be dismissed from this action pursuant to Rule 4(m).

## II.   THE SERVED DEFENDANTS

Rule 41(b) authorizes district courts to sua sponte dismiss actions for failure to prosecute or to comply with court orders or the Rules. *Pagtalunan v. Galaza*, 291 F.3d 639, 640–43 (9th Cir. 2002); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) (finding that the power to invoke this sanction is necessary "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts"). Courts also have the power to dismiss for failure to prosecute and under LR 41-1 of the Local Rules of Civil Practice. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995); *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). LR 41-1 governs dismissals for want of prosecution. The rule provides: "All civil actions that have been pending in this court for more than 270 days without any proceedings of record having been taken may, after notice, be dismissed for want of prosecution by the court sua sponte or on the motion of an attorney or pro se party."

In determining whether to dismiss a case for failure to prosecute, a court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan*, 291 F.3d at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992)). "These factors are not a series of conditions precedent before the judge can do anything, but a way

3

for a district judge to think about what to do." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotation omitted).

> First, the public has an interest in expeditious resolution of litigation. As Rule 1 reflects, the public has an overriding interest in securing "the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Orderly and expeditious resolution of disputes is of great importance to the rule of law. By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in money, memory, manageability, and confidence in the process.

*Id*. at 1227. Plaintiffs' failure to move their lawsuit forward impedes the goal of expeditious resolution of litigation. Therefore, this factor weighs in favor of dismissal.

Second, Plaintiffs' complete failure to take any steps at all to prosecute this action, except to serve unspecified document requests contemporaneously with the response to the order to show cause, has interfered with the court's management of its docket. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642. This ensures "the efficient administration of judicial business for the benefit of all litigants with cases pending." *Nealey v. Transportation Maritima Mexicana, S. A*., 662 F.2d 1275, 1279 (9th Cir. 1980). The Amended Complaint (ECF No. 7) was filed July 26, 2016, not "recently" as counsel's declaration claims. LR 41-1 allows for dismissal after 270 days, which roughly equals nine months. Even when measured from the filing date of the amended complaint, the delay is more than double what is contemplated by LR 41-1. Plaintiffs' two-year delay is plainly unreasonable and impacts the court's ability to efficiently manage its docket. As such, the second factor weighs in favor of dismissal.

Third, the Defendants risk prejudice the longer this case languishes on the court's docket. *Pagtalunan*, 291 F.3d at 643. When a plaintiff unreasonably delays prosecution of an action, a rebuttable presumption of prejudice to defendants arises. *In re Eisen*, 31 F.3d at 1452–53 ("The failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant."). The presumption is warranted here because Plaintiffs failed to offer a clear explanation of what actions they have taken to prosecute this case since its filing in May 2016. Plaintiffs did not file proof of service for the summons issued in May 2017. Plaintiffs never even sought issuance of summons for Touch Stone. The Response claims

this matter has been difficult to prosecute because the main defendant has dissolved. However, Plaintiffs named six defendants in the amended complaint. They provide no reason for the delay as to the other five. Furthermore, they were aware of Penoyer Valley's dissolved status in December 2016, yet they have taken no action to move this case toward resolution on the merits for the last 18 months. This factor weighs heavily in favor of dismissal.

Fourth, less drastic alternatives would not be appropriate here. When considering dismissal for failure to prosecute, the court "should first consider less drastic alternatives, but need not exhaust them all before finally dismissing a case." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). The court has twice warned plaintiffs that this case would be dismissed if action was not taken to provide proof of service and prosecute this case. The notice of intent to dismiss and order to show cause both provided explicit warnings to Plaintiffs to take meaningful action. Yet they failed to do so.

The Ninth Circuit has repeatedly recognized that a plaintiff has the responsibility to move the case toward disposition on the merits at a reasonable pace. *In re Phenylpropanolamine*, 460 F.3d at 1228; *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996); *In re Eisen*, 31 F.3d at 1454; *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiffs have not fulfilled their responsibility to move this case forward in the last two years, despite a Notice of Intent to Dismiss (ECF No. 8) entered December 8, 2016, and the court's warning in the Order to Show Cause (ECF No. 16) entered January 8, 2018. Since then no action at all has been taken except for filing the response to the order to show cause four months ago. In addition, Plaintiffs do not claim that their failure to move the case forward was excusable or merely negligent. In light of the failure to prosecute over the past two years, the court finds that less drastic sanctions would be ineffective.

Finally, although public policy favors deciding cases on their merits, this factor alone is insufficient to prevent dismissal of these claims when considered against the strength the other four factors. Additionally, the Amended Complaint fails to state a claim on its face. Plaintiffs' counsel characterizes this as a "complex case," but the amended complaint consists of less than 5 pages and a mere 14 paragraphs. The pleading is extremely conclusory and hard to follow but it fails to state colorable claims for relief on the facts as alleged. Plaintiffs claim they held "equal

voting and property rights" in Penoyer Valley and that during the course of their ownership interests the defendants:

> under color of authority of law did cause Plaintiffs to suffer the conditions of their ownership interests which must include, but is not limited to the denial of their voting rights and compliance with statutory provisions exclusively because the Plaintiffs are African American and for no legitimate and/or lawful purpose.

ECF No. 7 at 3–4, ¶¶ 8–9. The amended complaint asserts a Title VII and fraud claim based on these "operative facts." Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e–2000e-17, prohibits *employers* from discriminating against employees on the basis of race, color, religion, sex, or national origin. Plaintiffs do not allege that they were employed by any defendants. Title VII has no possible application to a claim the defendants somehow "caused Plaintiffs to suffer the conditions" of their voting rights for stock they own.

With regard to the fraud claim, Plaintiffs allege defendants made false representations that they knew to be false, to induce Plaintiffs to rely on those misrepresentations, and Plaintiffs suffered damages as a result. *Id*. at 5. If a claim "sounds in fraud," a plaintiff must plead such claim with increased particularity under Rule 9(b). *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009). To satisfy Rule 9(b)'s requirements, a "complaint must set forth what is false or misleading about a statement, and why it is false." *Id*. (internal quotation omitted); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (plaintiffs must allege the "who, what, when, where and how" supporting fraud-based allegations). Plaintiffs' fraud allegations consist of one sentence that does not identify the individual who made the false statement or indicate why the statement was false or misleading. The amended complaint therefore fails to plead fraud with particularity. The failure to state an even colorable claim weighs in favor of dismissal.

Plaintiffs have allowed their lawsuit to languish for over two years. They have not moved for default against any defendant, but even if they had default judgment would not be granted when the complaint fails to state a claim upon which relief can be granted. *See Eitel v. McCool,* 782 F.2d 1470, 1471 (9th Cir. 1986); *Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010) ("Dismissal with prejudice under Rule 41(b) for failure to prosecute is the converse of a default judgment.").

6

In sum, the court finds that majority of the *Pagtalunan* factors weigh in favor of dismissal as to Defendants Lincoln County Power, Sharon Taylor, Paula Clayton, and Tia Wilson. Plaintiffs have not taken any action to prosecute this case except for reportedly serving document requests on unidentified individuals or entities even after the court's warning in the January 8, 2018 order to show cause.

Accordingly,

**IT IS RECOMMENDED** that:

1. Plaintiffs' Second Amended Complaint be DISMISSED WITH PREJUDICE as to:
   a. Defendants Penoyer Valley Electric Company and Touch Stone Energy Cooperatives, Inc. under Rule 4(m); and
   b. Defendants Lincoln County Power District, Sharon Taylor, Paula Clayton, and Tia Wilson under Rule 41(b).

2. The Clerk of the Court be directed to closed this case and enter judgment accordingly.

Dated this 14th day of May, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may

result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. Pro. 72.