|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |

| | | |
|---|---|---|
| George E. Moore, Jr. and Jacqueline Moore, | | Case No.: 2:16-cv-01002-JAD-PAL |
| Plaintiffs | | |
| v. | | **Order Adopting Report and Recommendation and Dismissing and Closing Case** |
| Penoyer Valley Electric Company, et al., | | |
| Defendants | | [ECF Nos. 18, 20, 21, 22, 23] |

This two-year-old case has seen little activity and has long languished, so Magistrate Judge Peggy Leen recommends that I dismiss it with prejudice. Her eight-page report of findings and recommendation contains a detailed history of how the plaintiffs 'have allowed their lawsuit to languish over two years" and provides a deep analysis of why it should be dismissed with prejudice.[1] Plaintiffs' attorney David Lee Phillips, Esq. objects. He does not challenge the magistrate judge's summary of the history or analysis of the dismissal issues. He merely offers the excuse that "the original assigned attorney on this case was Mr. John Rogers who left for Montana in late February 2018," so the case "was not being handled by the current counsel as Mr. Roger's [sic] left the jurisdiction and this matter was not found until the Courts [sic] last Order."[2] Phillips "asks for the Courts [sic] liency [sic] and an opportunity to repair the defects" and amend the complaint.[3]

Phillips's excuse is not persuasive. He is the only attorney who has ever appeared on this case, and there is no record in this court of an attorney named John Rogers handling it. The fact

---

[1] ECF No. 18.

[2] ECF No. 19.

[3] *Id*. at 2.

1

that Phillips submitted a sworn affidavit in this case on February 7, 2018,[4] squarely belies his assertion that he wasn't even aware of this case until sometime after "late February 2018." And even if I accepted this excuse, I would not reach a different conclusion about dismissal than Magistrate Judge Leen did. This case has been ignored for two and a half years, and on the few occasions that plaintiffs' counsel has paid it some attention, those efforts were insufficient[5] or error-ridden.[6]

Having reviewed the report and recommendation de novo, I find that it is accurate and well-reasoned and that Phillips's objection does not persuade me to grant him or his clients further relief. Accordingly, IT IS HEREBY ORDERED that the Report of Findings and Recommendation **[ECF No. 18] is ADOPTED** in its entirety;

IT IS FURTHER ORDERED that **Plaintiffs' claims against Defendants Penoyer Valley Electric Company and Touch Stone Energy Cooperatives, Inc. are DISMISSED** with prejudice under FRCP 4(m);

IT IS FURTHER ORDERED that **Plaintiffs' claims against Lincoln County Power District, Sharon Taylor, Paula Clayton, and Tia Wilson are DISMISSED** with prejudice under FRCP 41(b); and

IT IS FURTHER ORDERED that **the Clerk of Court is directed to ENTER JUDGMENT** accordingly, **DENY [ECF Nos. 20, 21, 22, 23] the requests for entry of default**

---

[4] *See* ECF No. 17 at 3.

[5] For example, Phillips offers two conclusory sentences in his objection asking for leave to amend his "fraud allegations to plead with more particularity and clarification. Also, to file proof of service, and that the time be enlarged to 90 days to clarify any defects to be done without further delay." But he does not include a memorandum of points and authorities or a proposed amended complaint as the local rules require. *See, e.g.*, L.Rs. 7-2(a) (motion requires a memorandum of points and authorities); 15-1(a) (proposed amended complaint must be attached).

[6] *See* error notices at ECF Nos. 2, 4.

against the Lincoln County Power District, Sharon Taylor, Paula Clayton, and Tia Wilson as moot, **and CLOSE THIS CASE**.

Dated: November 7, 2018

_____
U.S. District Judge Jennifer A. Dorsey